IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BANK OF THE OZARKS,

Plaintiff,

vs.

CIVIL ACTION NO.: CV212-017

ARCO COMMUNITY OUTREACH
COALITION, INC.; JOSEPH N.
McDONOUGH; JOHN M. FORD;
MARY HELEN MOSES; LAURA
CROSS; and SUSAN WAINWRIGHT,

Defendants.

## ORDER

This lawsuit arises out of a promissory note allegedly signed by Defendant Arco Community Outreach Coalition, Inc., and individual guaranties of the note allegedly signed by Defendant Laura Cross ("Cross") and others; all relevant documents were allegedly signed in favor of Oglethorpe Bank. Plaintiff is allegedly the holder of the note, the guaranties, and the related loan documents by way of an assignment of the documents to Plaintiff from the Federal Deposit Insurance Corporation ("FDIC") after the FDIC became receiver of Oglethorpe Bank. Plaintiff filed the instant action against Defendants, who are allegedly in default, to recover on the note and the guaranties.

Plaintiff filed a Motion to Strike Defenses of Cross. Cross filed a Response in Opposition. Plaintiff filed a Reply.

AO 72A
(Rev. 8/82)

Cross' Answer included the following defenses:

### SECOND DEFENSE

The Plaintiff has failed to mitigate its damages. Additionally, the Plaintiff has failed to exhaust all available remedies and said Complaint is premature/not ripe.

### THIRD DEFENSE

Upon information and belief, Plaintiff's claims may be bared [sic] by reason of a failure of consideration, waiver, estoppel, breach of contract, lack of mutuality of remedy, breach of duty of good faith and fair dealing, unjust enrichment and breach of fiduciary duty.

### FOURTH DEFENSE

Provisions of the Agreements, Notes, and/or Guaranties relied upon by Plaintiff are void and/or are unenforceable because they violate Georgia Public Policy. Additionally, said renewal documents are vague and inconsistent with original documentation, and said vague and inconsistent statements make renewal guaranties void, unenforceable and a nullity.

(Doc. No. 24, p. 1). Plaintiff asserts that Cross' second and third defenses should be stricken under 12 U.S.C. § 1823(e) and the D'Oench doctrine. Plaintiff asserts that Cross' second and fourth defenses should be stricken because Cross waived those defenses in the guaranty that she allegedly signed ("the Cross Guaranty"). Plaintiff asserts that Cross' second defense should be stricken because it is barred by Georgia law.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under that rule, striking an affirmative defense as legally insufficient "is a drastic remedy disfavored by the courts." Sec. Life of Denver Ins. Co. v. Shah, 2011 WL 3300320 *1 n.1 (S.D. Ga. Aug. 1, 2011) (citations omitted). "The

2

Court should only exercise this discretion if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Frazier v. Dollar Tree Stores, Inc., 2011 WL 709720 *1 (S.D. Ga. Feb. 22, 2011) (citation omitted).

**I. Plaintiff's assertion that Cross' second and third defenses should be stricken under 12 U.S.C. § 1823(e) and the D'Oench doctrine**

The Court of Appeals for the Eleventh Circuit has described the D'Oench doctrine,[1] derived from D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., 315 U.S. 447 (1942), and its progeny, as follows:

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records.

Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). Plaintiff argues that under the D'Oench doctrine, Cross' "defenses should be stricken to the extent that they are based on any alleged promises separate from the Note and Cross Guaranty, as well as any conditions or representations relating to those alleged promises." (Doc. No. 25, p. 11). Specifically, Plaintiff asserts that Cross' second and third defenses should be stricken.

Cross argues that none of her defenses are based on an agreement, collateral record, or document found outside of the bank records; she asserts that her defenses

---

[1] The statutory counterpart to the D'Oench doctrine is 12 U.S.C. § 1823(e). However, the issue of whether a successor to the rights of the FDIC is entitled to the protections of § 1823(e) is unsettled in the Eleventh Circuit. See, e.g., First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1379 n.9 (11th Cir. 1997); Fed. Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 598 (11th Cir. 1990). This Court will not base its decision on the language of 12 U.S.C. § 1823(e) because the statute does not clearly apply to Plaintiff.

3

flow out of the loan documents at issue in this case. Cross asserts that, as a result, her defenses are not barred by the D'Oench doctrine. The Court agrees. "Current application of the D'Oench doctrine 'depends upon whether the purported agreement relied upon by the private party was ever memorialized in writing or otherwise made explicit such that . . . the FDIC would have knowledge of the bank's obligations during an evaluation of the bank's records.'" Uhlig v. Fed. Deposit Ins. Corp., 2012 WL 27572 *2 (S.D. Ga. Jan. 4, 2012) (quoting McCullough, 911 F.2d at 600) (alteration in original). Cross' defenses, that Plaintiff failed to mitigate its damages (second defense) and failure of consideration, waiver, estoppel, breach of contract, lack of mutuality of remedy, breach of duty of good faith and fair dealing, unjust enrichment, and breach of fiduciary duty (third defense), are not based on any "secret, unrecorded agreement."[2] Id. (describing the holding in D'Oench). Consequently, the "drastic remedy" of striking an affirmative defense is not appropriate. Shah, 2011 WL 3300320 *1 n.1.

**II. Plaintiff's assertion that Cross' second and fourth defenses should be stricken because Cross waived those defenses in the Cross Guaranty**

Plaintiff argues that "[i]n the Cross Guaranty, Cross waived all defenses to enforcement of the Cross Guaranty against her" and that, as a result, Cross' second and fourth defenses should be stricken. (Doc. No. 25, p. 12). Plaintiff states that "Cross has not contested the execution of her Guaranty[.]" (Doc. No. 43, p. 8 n.1). Although Cross did not deny that she executed the Cross Guaranty, Cross has not admitted that she guaranteed the note. (Doc. No. 1, p. 7 ¶¶ 21, 22, and No. 24, p. 5 ¶¶ 21, 22). Without admitting to the creation of the Cross Guaranty, the validity of the Cross

---

[2] Plaintiff asserts that Cross has failed "to show how her defenses do not arise from a secret agreement[.]" (Doc. No. 43, p. 7). Plaintiff has failed to allege the existence of a secret agreement.

4

AO 72A
(Rev. 8/82)

Guaranty as a whole is in dispute, and the validity of the purported waiver clause is also in dispute.

"Motions to strike cannot be used to determine disputed fact questions[.]" Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citation omitted) (denying defendant's motion to strike from the complaint any claims against it for revocation of contract of sale and breach of warranties of sale when there existed issues of fact in the areas of privity between the parties and breach of warranties). Accordingly, because the validity of the Cross Guaranty and its waiver clause are in issue, Cross' second and fourth defenses will not be stricken on the basis of the waiver clause.

### III. Plaintiff's assertion that Cross' second defense should be stricken because it is barred by Georgia law

"Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." O.C.G.A. § 13-6-5. However, Plaintiff argues, citing REL Dev., Inc., v. Branch Banking & Trust Co., 699 S.E.2d 779 (Ga. Ct. App. 2010), that "[u]nder binding Georgia precedent . . . Plaintiff is not obligated to foreclose [on the property securing the loan] before suing on the Note and Guaranties, and proceeding on the Note and Guaranties before foreclosure cannot be held as a failure to mitigate damages." (Doc. No. 25, p. 14). Cross argues that the failure to mitigate defense is not necessarily limited to Plaintiff's failure to foreclose on the property securing the loan and that she should have an opportunity to uncover more information during discovery. The Court agrees. Cross' failure to mitigate defense has a possible relationship to the controversy, will likely not

confuse the issues, and will likely not otherwise prejudice a party. Frazier, 2011 WL 709720 *1.

Plaintiff also argues, citing Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc., 2011 WL 883912 (N.D. Ga. Mar. 11, 2011), that Cross is not permitted to assert a failure to mitigate defense because the "Cross Guaranty contained an absolute promise by Cross to pay" according to its terms. (Doc. No. 25, p. 16). In Lichty Bros., the defendants did not argue that the relevant promissory notes were not absolute promises to pay and the defendants admitted that they executed the promissory notes and guaranties at issue. Id. at *4. Here, Cross has not admitted that she guaranteed the note. As previously stated, "[m]otions to strike cannot be used to determine disputed fact questions[.]" Brown, 523 F. Supp. at 336. Consequently, Cross' second defense will not be stricken based on Plaintiff's assertion that the Cross Guaranty contained an absolute promise to pay.

Plaintiff's Motion to Strike Defenses of Cross (Doc. No. 25) is **DENIED**.

**SO ORDERED**, this 15th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE