IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BANK OF THE OZARKS,

    Plaintiff,

vs.

ARCO COMMUNITY OUTREACH
COALITION, INC.; JOSEPH N.
McDONOUGH; JOHN M. FORD;
MARY HELEN MOSES; LAURA
CROSS; and SUSAN WAINWRIGHT,

    Defendants.

CIVIL ACTION NO.: CV212-017

## ORDER

This lawsuit arises out of a promissory note allegedly signed by Defendant Arco Community Outreach Coalition, Inc., and individual guaranties of the note allegedly signed by Defendant Joseph N. McDonough ("McDonough") and others; all relevant documents were allegedly signed in favor of Oglethorpe Bank. Plaintiff is allegedly the holder of the note, the guaranties, and the related loan documents by way of an assignment of the documents to Plaintiff from the Federal Deposit Insurance Corporation ("FDIC") after the FDIC became receiver of Oglethorpe Bank. Plaintiff filed the instant action against Defendants, who are allegedly in default, to recover on the note and the guaranties.

Plaintiff filed a Motion to Strike Defenses of McDonough. McDonough filed a Response in Opposition. Plaintiff filed a Reply.

AO 72A
(Rev. 8/82)

McDonough's Answer included the following defenses:

## SECOND DEFENSE

Plaintiff is barred from recovery by estoppel and waiver.

## THIRD DEFENSE

Plaintiff is barred from recovery by its failure to properly mitigate damages.

## FOURTH DEFENSE

Plaintiff' [sic] is barred by reason of a partial and/or total failure of consideration, breach of contract, lack of mutuality of remedy, breach duty [sic] of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment.

## FIFTH DEFENSE

Provisions of the Agreements, Notes, and/or Guaranties relied upon by Plaintiff are void and/or unenforceable because they violate Georgia Public Policy. Additionally, said renewal documents are vague and inconsistent with the original documentation, and said vague and inconsistent statements make said renewal guaranties void, unenforceable and a nullity.

## SIXTH DEFENSE

Plaintiff is barred from any recovery by payment and release.

## SEVENTH DEFENSE

Plaintiff is barred from recovery by its lack of actual damages.

## EIGHTH DEFENSE

Plaintiff is not the real party in interest to bring and pursue this action.

## TENTH DEFENSE

Plaintiff's Complaint fails to include necessary and indispensable parties.

AO 72A
(Rev. 8/82)

## ELEVENTH DEFENSE

Plaintiff has failed to exhaust all available remedies and therefore this complaint is pre-mature and/or not ripe at this time.

(Doc. No. 30, pp. 1-2). Plaintiff asserts that McDonough's second, third, fifth, and eleventh defenses should be stricken in their entirety and that McDonough's fourth defense should be stricken in part under 12 U.S.C. § 1823(e) and the D'Oench doctrine. Plaintiff asserts that McDonough's second, third, fourth, fifth, sixth, seventh, eighth, tenth, and eleventh defenses should be stricken because McDonough waived those defenses in the guaranty that he allegedly signed ("the McDonough Guaranty"). Plaintiff asserts that McDonough's third and eleventh defenses should be stricken because they are barred by Georgia law.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under that rule, striking an affirmative defense as legally insufficient "is a drastic remedy disfavored by the courts." Sec. Life of Denver Ins. Co. v. Shah, 2011 WL 3300320 *1 n.1 (S.D. Ga. Aug. 1, 2011) (citations omitted). "The Court should only exercise this discretion if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Frazier v. Dollar Tree Stores, Inc., 2011 WL 709720 *1 (S.D. Ga. Feb. 22, 2011) (citation omitted).

AO 72A
(Rev. 8/82)

**I. Plaintiff's assertion that McDonough's second, third, fifth, and eleventh defenses should be stricken in their entirety and that McDonough's fourth defense should be stricken in part under 12 U.S.C. § 1823(e) and the D'Oench doctrine**

The Court of Appeals for the Eleventh Circuit has described the D'Oench doctrine,[1] derived from D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., 315 U.S. 447 (1942), and its progeny, as follows:

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records.

Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). Plaintiff argues that under the D'Oench doctrine, McDonough's "defenses should be stricken to the extent that they are based on any alleged promises separate from the Note and McDonough Guaranty, as well as any conditions or representations relating to those alleged promises." (Doc. No. 38, p. 12). Specifically, Plaintiff asserts that McDonough's second, third, fifth, and eleventh defenses should be stricken in their entirety and that McDonough's fourth defense should be stricken in part.

McDonough argues that none of his defenses are based on an agreement, collateral record, or document found outside of the bank records; he asserts that his defenses flow out of the loan documents at issue in this case. McDonough asserts that,

---

[1] The statutory counterpart to the D'Oench doctrine is 12 U.S.C. § 1823(e). However, the issue of whether a successor to the rights of the FDIC is entitled to the protections of § 1823(e) is unsettled in the Eleventh Circuit. See, e.g., First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1379 n.9 (11th Cir. 1997); Fed. Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 598 (11th Cir. 1990). This Court will not base its decision on the language of 12 U.S.C. § 1823(e) because the statute does not clearly apply to Plaintiff.

4

as a result, his defenses are not barred by the D'Oench doctrine. The Court agrees. "Current application of the D'Oench doctrine 'depends upon whether the purported agreement relied upon by the private party was ever memorialized in writing or otherwise made explicit such that . . . the FDIC would have knowledge of the bank's obligations during an evaluation of the bank's records.'" Uhlig v. Fed. Deposit Ins. Corp., 2012 WL 27572 *2 (S.D. Ga. Jan. 4, 2012) (quoting McCullough, 911 F.2d at 600) (alteration in original).[2] McDonough's relevant defenses are not based on any "secret, unrecorded agreement."[3] Id. (describing the holding in D'Oench). Consequently, the "drastic remedy" of striking an affirmative defense is not appropriate.[4] Shah, 2011 WL 3300320 *1 n.1.

---

[2] Plaintiff pointed out that the Court in Uhlig held that the claims at issue were barred by the D'Oench doctrine and states that, as a result, "McDonough cites cases that do not help his cause." (Doc. No. 56, p. 6). In Uhlig, the plaintiff's claims against the FDIC as receiver were barred because the claims were based entirely upon a letter that was not part of the bank records. Uhlig, 2012 WL 27572 *2-3. That is not the case with regard to McDonough's asserted defenses. The standard announced in Uhlig applies even though it is a factually different case.

[3] Plaintiff asserts that McDonough has failed "to show how his defenses do not arise from a secret agreement[.]" (Doc. No. 56, p. 8). Plaintiff has failed to allege the existence of a secret agreement.

[4] It should be noted that Plaintiff asserted that "McDonough has failed to even mention, let alone distinguish, two important cases on which Ozarks relies on [sic] in its Motion to Strike: Bufman Organization v. FDIC, 82 F.3d 1020, 1028 (11th Cir. 1996) (unjust enrichment claim barred by D'Oench); and State Street Capital Corp. v. Gibson Tile, Inc., No. 3:97-CV-1329-P, 1998 U.S. Dist. LEXIS 20104, at *22 (N.D. Tex. Dec. 16, 1998) (claims and defenses of unclean hands, failure to mitigate damages, mutual mistake, duress, negligent misrepresentation, and unjust enrichment barred by § 1823(e) and D'Oench)." (Doc. No. 56, p. 8). In Bufman Organization, the claim of unjust enrichment was barred because "it [was] premised on an unrecorded condition to the repayment of the Bufman note." Bufman Organization, 82 F.3d at 1028. As previously stated, McDonough's defenses are not based on an unrecorded agreement. In State Street Capital Corp. v. Gibson Tile, Inc., 1998 WL 907027 (N.D. Tex. Dec. 16, 1998), the claims and defenses were barred based upon Fifth Circuit law, which has applied the D'Oench doctrine "in a liberal fashion." Id. at *6 (citation omitted). The Court is not persuaded by the decision in State Street Capital. Finally, Plaintiff argues that in Fed. Deposit Ins. Corp. v. Morley, 867 F.2d 1381 (11th Cir. 1989), the Eleventh Circuit approved a district court's bar of the defenses of estoppel, waiver, laches, fraud, unclean hands, illegal transfer, commercial unreasonableness, breach of fiduciary duty, and breach of the obligation of good faith and fair dealing. Plaintiff is correct, but the court stated, "Morley's loss of defenses . . . resulted from his failure to place . . . the alleged agreements in writing." Id. at 1388. Again, McDonough's defenses are not based on an unrecorded agreement, so Plaintiff's citation of Morley is not persuasive.

AO 72A (Rev. 8/82)

**II. Plaintiff's assertion that McDonough's second, third, fourth, fifth, sixth, seventh, eighth, tenth, and eleventh defenses should be stricken because McDonough waived those defenses in the McDonough Guaranty**

Plaintiff argues that "[i]n the McDonough Guaranty, McDonough waived all defenses to enforcement of the McDonough Guaranty against him" and that, as a result, McDonough's second, third, fourth, fifth, sixth, seventh, eighth, tenth, and eleventh defenses should be stricken. (Doc. No. 38, p. 13). Plaintiff states that even though "McDonough did not admit executing the McDonough Guaranty" it does "not prevent the Court from striking McDonough's defenses . . . because the Bank is not asking the Court to resolve any disputed issues of fact in this Motion to Strike. Whether McDonough actually signed the McDonough Guaranty can be resolved at the summary judgment stage or, if necessary, at trial." (Doc. No. 38, p. 3 n.2). Without admitting to the creation of the McDonough Guaranty, the validity of the McDonough Guaranty as a whole is in dispute, and the validity of the purported waiver clause is also in dispute. Striking defenses based on the waiver clause would signify that the Court finds the McDonough Guaranty valid, which would decide a disputed factual question.

"Motions to strike cannot be used to determine disputed fact questions[.]" Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citation omitted) (denying defendant's motion to strike from the complaint any claims against it for revocation of contract of sale and breach of warranties of sale when there existed issues of fact in the areas of privity between the parties and breach of warranties). Accordingly, because the validity of the McDonough Guaranty and its waiver clause are in issue, McDonough's defenses will not be stricken on the basis of the waiver clause.

AO 72A
(Rev. 8/82)

III. **Plaintiff's assertion that McDonough's third and eleventh defenses should be stricken because they are barred by Georgia law**

"Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." O.C.G.A. § 13-6-5. However, Plaintiff argues, citing REL Dev., Inc., v. Branch Banking & Trust Co., 699 S.E.2d 779 (Ga. Ct. App. 2010), that "[u]nder binding Georgia precedent . . . Plaintiff is not obligated to foreclose [on the property securing the loan] before suing on the Note and Guaranties, and proceeding on the Note and Guaranties before foreclosure cannot be held as a failure to mitigate damages." (Doc. No. 38, p. 15). McDonough argues that the failure to mitigate defense is not necessarily limited to Plaintiff's failure to foreclose on the property securing the loan and that he should have an opportunity to uncover more information during discovery. The Court agrees. McDonough's failure to mitigate defense has a possible relationship to the controversy, will likely not confuse the issues, and will likely not otherwise prejudice a party. Frazier, 2011 WL 709720 *1.

Plaintiff also argues, citing Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc., 2011 WL 883912 (N.D. Ga. Mar. 11, 2011), that McDonough is not permitted to assert a failure to mitigate defense because the "McDonough Guaranty contained an absolute promise by McDonough to pay" according to its terms. (Doc. No. 38, p. 17). In Lichty Bros., the defendants did not argue that the relevant promissory notes were not absolute promises to pay and the defendants admitted that they executed the promissory notes and guaranties at issue. Id. at *4. Here, McDonough argues that the McDonough Guaranty does not contain an absolute promise to pay; he asserts that

AO 72A
(Rev. 8/82)

Plaintiff's foreclosure on the property securing the loan is a condition precedent to his payment obligation. Plaintiff asserts, quoting Paragraphs 2 and 11 of the McDonough Guaranty, that foreclosure on the property securing the loan is not a condition precedent to McDonough's payment obligation. As previously stated, "[m]otions to strike cannot be used to determine disputed fact questions[.]" Brown, 523 F. Supp. at 336. Consequently, McDonough's third and eleventh defenses will not be stricken based on Plaintiff's assertion that the McDonough Guaranty contained an absolute promise to pay.

Plaintiff's Motion to Strike Defenses of McDonough (Doc. No. 38) is **DENIED**.

**SO ORDERED**, this 31st day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)