# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

BANK OF THE OZARKS,

    Plaintiff,

vs.

ARCO COMMUNITY OUTREACH
COALITION, INC.; JOSEPH N.
McDONOUGH; JOHN M. FORD;
MARY HELEN MOSES; LAURA
CROSS; and SUSAN WAINWRIGHT,

    Defendants.

CIVIL ACTION NO.: CV212-017

## ORDER

This lawsuit arises out of a promissory note allegedly signed by Defendant Arco Community Outreach Coalition, Inc., and individual guaranties of the note allegedly signed by Defendant Susan Wainwright[1] ("Wainwright") and others; all relevant documents were allegedly signed in favor of Oglethorpe Bank. Plaintiff is allegedly the holder of the note, the guaranties, and the related loan documents by way of an assignment of the documents to Plaintiff from the Federal Deposit Insurance Corporation ("FDIC") after the FDIC became receiver of Oglethorpe Bank. Plaintiff filed the instant action against Defendants, who are allegedly in default, to recover on the note and the guaranties.

Plaintiff filed a Motion to Strike Defenses of Wainwright. Wainwright filed a Response in Opposition. Plaintiff filed a Reply.

---

[1] As evidenced by pleadings filed by this Defendant, her name is Susan Wainright, not Susan Wainwright.

AO 72A
(Rev. 8/82)

Wainwright's Answer included the following defenses:

### THIRD DEFENSE

Plaintiff's claim [sic] against this Defendant are barred, in whole or in part, by the doctrines of failure of consideration, waiver, estoppel, release and latches.

### FOURTH DEFENSE

Plaintiff has failed to exhaust all available remedies prior to filing an action against this Defendant, and, thus, as to this Defendant, Plaintiff's action is premature.

### FIFTH DEFENSE

Plaintiff's claims against this Defendant are barred, in whole or in part, by the Plaintiff's breach of duty to properly oversee and monitor the distribution of monies to the Co-Defendant Arco Community Outreach Coalition, Inc.

### SIXTH DEFENSE

Plaintiff's claims against this Defendant are barred, in whole or in part, by Plaintiff's modification and/or departure from the terms and conditions of the original Note to which this Defendant's guaranty relates.

### SEVENTH DEFENSE

Plaintiff's claims against this Defendant are barred, in whole or in part, because the guaranty in issue is void and/or unenforceable inasmuch as certain of its terms and provisions are violative of Georgia Public Policy.

### EIGHTH DEFENSE

Plaintiff's Complaint fails to include necessary and indispensable parties.

(Doc. No. 28, pp. 1–3). Plaintiff asserts that Wainwright's third and fourth defenses should be stricken under 12 U.S.C. § 1823(e) and the D'Oench doctrine. Plaintiff asserts that Wainwright's third, fourth, fifth, sixth, seventh, and eighth defenses should be stricken because Wainwright waived those defenses in the guaranty that she

allegedly signed ("the Wainwright Guaranty"). Plaintiff asserts that Wainwright's fourth defense should be stricken because it is barred by Georgia law.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under that rule, striking an affirmative defense as legally insufficient "is a drastic remedy disfavored by the courts." Sec. Life of Denver Ins. Co. v. Shah, 2011 WL 3300320 *1 n.1 (S.D. Ga. Aug. 1, 2011) (citations omitted). "The Court should only exercise this discretion if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Frazier v. Dollar Tree Stores, Inc., 2011 WL 709720 *1 (S.D. Ga. Feb. 22, 2011) (citation omitted).

I. **Plaintiff's assertion that Wainwright's third and fourth defenses should be stricken under 12 U.S.C. § 1823(e) and the D'Oench doctrine**

The Court of Appeals for the Eleventh Circuit has described the D'Oench doctrine,[2] derived from D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., 315 U.S. 447 (1942), and its progeny, as follows:

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records.

---

[2] The statutory counterpart to the D'Oench doctrine is 12 U.S.C. § 1823(e). However, the issue of whether a successor to the rights of the FDIC is entitled to the protections of § 1823(e) is unsettled in the Eleventh Circuit. See, e.g., First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1379 n.9 (11th Cir. 1997); Fed. Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 598 (11th Cir. 1990). This Court will not base its decision on the language of 12 U.S.C. § 1823(e) because the statute does not clearly apply to Plaintiff.

3

Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). Plaintiff argues that under the D'Oench doctrine, Wainwright's "defenses should be stricken to the extent that they are based on any alleged promises separate from the Note and Wainwright Guaranty, as well as any conditions or representations relating to those alleged promises." (Doc. No. 36, pp. 11–12). Specifically, Plaintiff asserts that Wainwright's third and fourth defenses should be stricken.

Wainwright argues that none of her defenses are based on an agreement, writing, or document not contained in bank records; she asserts that her defenses flow out of the loan documents at issue in this case. Wainwright asserts that, as a result, her defenses are not barred by the D'Oench doctrine. The Court agrees. "Current application of the D'Oench doctrine 'depends upon whether the purported agreement relied upon by the private party was ever memorialized in writing or otherwise made explicit such that . . . the FDIC would have knowledge of the bank's obligations during an evaluation of the bank's records.'" Uhlig v. Fed. Deposit Ins. Corp., 2012 WL 27572 *2 (S.D. Ga. Jan. 4, 2012) (quoting McCullough, 911 F.2d at 600) (alteration in original).[3] Wainwright's defenses, that Plaintiff's claims against her are barred by failure of consideration, waiver, estoppel, release, and laches (third defense) and that Plaintiff failed to exhaust all available remedies prior to filing an action against her (fourth defense), are not based on any "secret, unrecorded agreement."[4] Id. (describing the

---

[3] Plaintiff pointed out that the Court in Uhlig held that the claims at issue were barred by the D'Oench doctrine and states that, as a result, "Wainwright cites authority that does not help her cause." (Doc. No. 55, p. 6). In Uhlig, the plaintiff's claims against the FDIC as receiver were barred because the claims were based entirely upon a letter that was not part of the bank records. Uhlig, 2012 WL 27572 *2–3. That is not the case with regard to Wainwright's asserted defenses. The standard announced in Uhlig applies even though it is a factually different case.

[4] Plaintiff asserts that Wainwright has failed "to show how her defenses do not arise from a secret agreement[.]" (Doc. No. 55, p. 7). Plaintiff has failed to allege the existence of a secret agreement.

4

holding in D'Oench). Consequently, the "drastic remedy" of striking an affirmative defense is not appropriate.[5] Shah, 2011 WL 3300320 *1 n.1.

**II. Plaintiff's assertion that Wainwright's third, fourth, fifth, sixth, seventh, and eighth defenses should be stricken because Wainwright waived those defenses in the Wainwright Guaranty**

Plaintiff argues that "[i]n the Wainwright Guaranty, Wainwright waived all defenses to enforcement of the Wainwright Guaranty against her" and that, as a result, Wainwright's third, fourth, fifth, sixth, seventh, and eighth defenses should be stricken. (Doc. No. 36, p. 12). Plaintiff states that "Wainwright does not deny execution of the Wainwright Guaranty[.]" (Doc. No. 36, p. 17). Wainwright asserts that she admitted that she signed a guaranty with respect to the original indebtedness of Defendant Arco Community Outreach Coalition, Inc., but that "she has denied that she guaranteed the Note sued upon," which was a renewal of a prior indebtedness. (Doc. No. 47, p. 10). It is unclear from the face of Wainwright's Answer which debt she admitted to guaranteeing. (See Doc. No. 1, pp. 5–7, 10 ¶¶ 11, 23, 24, 35, and No. 28, pp. 2, 6–7 Sixth Defense and ¶¶ 23, 24, 35). Without admitting to the creation of the Wainwright

---

[5] It should be noted that Plaintiff asserted that "Wainwright has failed to even mention, let alone distinguish, two important cases on which Ozarks relies on [sic] in its Motion to Strike: Bufman Organization v. FDIC, 82 F.3d 1020, 1028 (11th Cir. 1996) (unjust enrichment claim barred by D'Oench); and State Street Capital Corp. v. Gibson Tile, Inc., No. 3:97-CV-1329-P, 1998 U.S. Dist. LEXIS 20104, at *22 (N.D. Tex. Dec. 16, 1998) (claims and defenses of unclean hands, failure to mitigate damages, mutual mistake, duress, negligent misrepresentation, and unjust enrichment barred by § 1823(e) and D'Oench)." (Doc. No. 55, pp. 6–7). In Bufman Organization, the claim of unjust enrichment was barred because "it [was] premised on an unrecorded condition to the repayment of the Bufman note." Bufman Organization, 82 F.3d at 1028. As previously stated, Wainwright's defenses are not based on an unrecorded agreement. In State Street Capital Corp. v. Gibson Tile, Inc., 1998 WL 907027 (N.D. Tex. Dec. 16, 1998), the claims and defenses were barred based upon Fifth Circuit law, which has applied the D'Oench doctrine "in a liberal fashion." Id. at *6 (citation omitted). The Court is not persuaded by the decision in State Street Capital.

Guaranty, the validity of the Wainwright Guaranty as a whole is in dispute, and the validity of the purported waiver clause is also in dispute.

"Motions to strike cannot be used to determine disputed fact questions[.]" Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citation omitted) (denying defendant's motion to strike from the complaint any claims against it for revocation of contract of sale and breach of warranties of sale when there existed issues of fact in the areas of privity between the parties and breach of warranties). Accordingly, because the validity of the Wainwright Guaranty and its waiver clause are in issue, Wainwright's third, fourth, fifth, sixth, seventh, and eighth defenses will not be stricken on the basis of the waiver clause.

### III. Plaintiff's assertion that Wainwright's fourth defense should be stricken because it is barred by Georgia law

"Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." O.C.G.A. § 13-6-5. However, Plaintiff argues, citing REL Dev., Inc., v. Branch Banking & Trust Co., 699 S.E.2d 779 (Ga. Ct. App. 2010), that "[u]nder binding Georgia precedent . . . Plaintiff is not obligated to foreclose [on the property securing the loan] before suing on the Note and Guaranties, and proceeding on the Note and Guaranties before foreclosure cannot be held as a failure to mitigate damages." (Doc. No. 36, p. 15). Wainwright argues that the failure to mitigate defense is not necessarily limited to Plaintiff's failure to foreclose on the property securing the loan and that she should have an opportunity to uncover more information during discovery. The Court agrees. Wainwright's failure to mitigate defense has a possible relationship to the controversy,

will likely not confuse the issues, and will likely not otherwise prejudice a party. Frazier, 2011 WL 709720 *1.

Plaintiff also argues, citing Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc., 2011 WL 883912 (N.D. Ga. Mar. 11, 2011), that Wainwright is not permitted to assert a failure to mitigate defense because the "Wainwright Guaranty contained an absolute promise by Wainwright to pay" according to its terms. (Doc. No. 36, p. 17). In Lichty Bros., the defendants did not argue that the relevant promissory notes were not absolute promises to pay and the defendants admitted that they executed the promissory notes and guaranties at issue. Id. at *4. Here, Wainwright argues that the Wainwright Guaranty does not contain an absolute promise to pay; she asserts that Plaintiff's foreclosure on the property securing the loan is a condition precedent to her payment obligation. As previously stated, "[m]otions to strike cannot be used to determine disputed fact questions[.]" Brown, 523 F. Supp. at 336. Consequently, Wainwright's fourth defense will not be stricken based on Plaintiff's assertion that the Wainwright Guaranty contained an absolute promise to pay.

Plaintiff's Motion to Strike Defenses of Wainwright (Doc. No. 36) is **DENIED**.

**SO ORDERED**, this 31st day of May, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7