IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BANK OF THE OZARKS,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV212-017

ARCO COMMUNITY OUTREACH
COALITION, INC.; JOSEPH N.
McDONOUGH; JOHN M. FORD;
MARY HELEN MOSES; LAURA
CROSS; and SUSAN WAINWRIGHT,

    Defendants.

# ORDER

This lawsuit arises out of a promissory note allegedly signed by Defendant Arco Community Outreach Coalition, Inc., and individual guaranties of the note allegedly signed by Defendant John M. Ford ("Ford") and others; all relevant documents were allegedly signed in favor of Oglethorpe Bank. Plaintiff is allegedly the holder of the note, the guaranties, and the related loan documents by way of an assignment of the documents to Plaintiff from the Federal Deposit Insurance Corporation ("FDIC") after the FDIC became receiver of Oglethorpe Bank. Plaintiff filed the instant action against Defendants, who are allegedly in default, to recover on the note and the guaranties.

Plaintiff filed a Motion to Strike Defenses of Ford. (Doc. No. 26). The undersigned ordered Ford to file a response or to otherwise inform the Court of his decision not to object to Plaintiff's Motion. Ford did neither. However, the Court cannot

ignore the fact that Ford is proceeding pro se. Because Ford is a pro se litigant, the Court will not summarily grant Plaintiff's Motion and will, instead, consider the merits of the Motion.

Ford's Answer includes the following defenses:

## SECOND DEFENSE

The Plaintiff has failed to mitigate its damages. Additionally, Plaintiff has failed to exhaust all available remedies and said Complaint is premature/not ripe. Also, it is believed that the FDIC has issued an indemnity or insurance coverage that would reduce Plaintiff's loss to zero.

## THIRD DEFENSE

Upon information and belief, Plaintiff's claims may be barred by reason of failure of consideration, waiver, breach of contract, lack of mutuality of remedy, breach of duty of good faith and fair dealing, unjust enrichment and breach of fiduciary duty.

## FOURTH DEFENSE

Provisions of the Agreements, Notes, and/or Guaranties relied upon by Plaintiff are void and/or are unenforceable because they violate Georgia Public Policy. Additionally, said renewal documents are vague and inconsistent with original documentation, and said vague and inconsistent statements make renewal guaranties void, unenforceable and a nullity.

## FIFTH DEFENSE

Upon information and belief, Plaintiff's claims may be barred by reason of Estoppel, as Robert Strange, President of Oglethorpe Bank, stated that he would "work with" Defendants until someone could buy the building. Relying on Plaintiff's predecessor in interest, Defendants lost their ability to mitigate damages at an earlier point in time.

## SIXTH DEFENSE

Plaintiff is being stubbornly litigious under OCGA § 13-6-11 and names Defendants only to cause unnecessary trouble and expense.

.O 72A
Rev. 8/82)

(Doc. No. 19, pp. 2-3). Plaintiff asserts that Ford's second, third, fifth, and sixth defenses should be stricken under 12 U.S.C. §§ 1823(e), 1825(b)(3), and the D'Oench doctrine. Plaintiff asserts that Ford's second, third, fourth, fifth, and sixth defenses should be stricken because Ford waived those defenses in the guaranty that he allegedly signed ("the Ford Guaranty"). Plaintiff asserts that Ford's second defense should be stricken because under Georgia law Plaintiff had no duty to mitigate its damages.

Federal Rule of Civil Procedure 12(f) states that "[t]he court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under that rule, striking an affirmative defense as legally insufficient "is a drastic remedy disfavored by the courts." Sec. Life of Denver Ins. Co. v. Shah, 2011 WL 3300320 *1 n.1 (S.D. Ga. Aug. 1, 2011) (citations omitted). "The Court should only exercise this discretion if 'the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Frazier v. Dollar Tree Stores, Inc., 2011 WL 709720 *1 (S.D. Ga. Feb. 22, 2011) (citation omitted).

**I. Plaintiff's assertion that Ford's second, third, fifth, and sixth defenses should be stricken under 12 U.S.C. §§ 1823(e), 1825(b)(3), and the D'Oench doctrine**

The Court of Appeals for the Eleventh Circuit has described the D'Oench doctrine,[1] derived from D'Oench, Duhme & Co. v. Fed. Deposit Ins. Corp., 315 U.S. 447 (1942), and its progeny, as follows:

---

[1] The statutory counterpart to the D'Oench doctrine is 12 U.S.C. § 1823(e). However, the issue of whether a successor to the rights of the FDIC is entitled to the protections of § 1823(e) is unsettled in the

AO 72A
(Rev. 8/82)

> In a suit over the enforcement of an agreement originally executed between an insured depository institution and a private party, a private party may not enforce against a federal deposit insurer any obligation not specifically memorialized in a written document such that the agency would be aware of the obligation when conducting an examination of the institution's records.

Baumann v. Savers Fed. Sav. & Loan Ass'n, 934 F.2d 1506, 1515 (11th Cir. 1991). Plaintiff argues that under the D'Oench doctrine, Ford's "defenses should be stricken to the extent that they are based on any alleged promises separate from the Note and Ford Guaranty, as well as any conditions or representations relating to those alleged promises." (Doc. No. 26, p. 11). Specifically, Plaintiff asserts that Ford's second, third, and fifth defenses should be stricken.

Ford's second and third defenses are not based on an agreement, collateral record, or any document found outside of the bank records; instead, those defenses flow out of the loan documents at issue in this case. As a result, Ford's second and third defenses are not barred by the D'Oench doctrine. "Current application of the D'Oench doctrine 'depends upon whether the purported agreement relied upon by the private party was ever memorialized in writing or otherwise made explicit such that . . . the FDIC would have knowledge of the bank's obligations during an evaluation of the bank's records.'" Uhlig v. Fed. Deposit Ins. Corp., 2012 WL 27572 *2 (S.D. Ga. Jan. 4, 2012) (quoting McCullough, 911 F.2d at 600) (alteration in original).[2] Ford's second and

---

Eleventh Circuit. See, e.g., First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1379 n.9 (11th Cir. 1997); Fed. Deposit Ins. Corp. v. McCullough, 911 F.2d 593, 598 (11th Cir. 1990). This Court will not base its decision on the language of 12 U.S.C. § 1823(e) because the statute does not clearly apply to Plaintiff.

[2] The Court recognizes that the Court in Uhlig held that the claims at issue were barred by the D'Oench doctrine. However, in Uhlig, the plaintiff's claims against the FDIC as receiver were barred because the claims were based entirely upon a letter that was not part of the bank records. Uhlig, 2012 WL 27572 *2–3. That is not the case with regard to Ford's asserted defenses. The standard announced in Uhlig applies even though it is a factually different case.

third defenses are not based on any "secret, unrecorded agreement."[3] Id. (describing the holding in D'Oench). Consequently, the "drastic remedy" of striking an affirmative defense is not appropriate.[4] Shah, 2011 WL 3300320 *1 n.1.

Ford's fifth defense is based on an alleged verbal agreement between Robert Strange, President of Oglethorpe Bank, and Defendants. This defense is based on an alleged "obligation not specifically memorialized in a written document" and the FDIC would not necessarily have been "aware of the obligation when conducting an examination of [Oglethorpe's] records." Baumann, 934 F.2d at 1515. As a result, Ford's fifth defense is barred by the D'Oench doctrine. This portion of Plaintiff's Motion is **granted**.

Plaintiff argues that Ford's sixth defense should be stricken under 12 U.S.C. § 1825(b)(3), which states:

> When acting as a receiver, . . . [t]he [FDIC] shall not be liable for any amounts in the nature of penalties or fines, including those arising from the failure of any person to pay any real property, personal property, probate, or recording tax or any recording or filing fees when due.

---

[3] Plaintiff has not alleged the existence of a secret agreement.

[4] It should be noted that the cases Plaintiff cites in support of its argument are distinguishable. In Bufman Org. v. Fed. Deposit Ins. Corp., 82 F.3d 1020, 1028 (11th Cir. 1996), the claim of unjust enrichment was barred by D'Oench because "it [was] premised on an unrecorded condition to the repayment of the Bufman note." Bufman Org., 82 F.3d at 1028. As previously stated, Ford's defenses are not based on an unrecorded agreement. In State St. Capital Corp. v. Gibson Tile, Inc., 1998 WL 907027 (N.D. Tex. Dec. 16, 1998), the claims and defenses of unclean hands, failure to mitigate damages, mutual mistake, duress, negligent misrepresentation, and unjust enrichment were barred by § 1823(e) and D'Oench based upon Fifth Circuit law, which has applied the D'Oench doctrine "in a liberal fashion." Id. at *6 (citation omitted). The Court is not persuaded by the decision in State St. Capital. Finally, Plaintiff cites Fed. Deposit Ins. Corp. v. Morley, 867 F.2d 1381 (11th Cir. 1989), wherein the Eleventh Circuit approved a district court's bar of the defenses of estoppel, waiver, laches, fraud, unclean hands, illegal transfer, commercial unreasonableness, breach of fiduciary duty, and breach of the obligation of good faith and fair dealing. The Morley court stated, "Morley's loss of defenses . . . resulted from his failure to place . . . the alleged agreements in writing." Id. at 1388. Again, Ford's defenses are not based on an unrecorded agreement, so Plaintiff's citation of Morley is not persuasive.

5

AO 72A
(Rev. 8/82)

12 U.S.C. § 1825(b)(3). Plaintiff argues that attorneys' fees under O.C.G.A. § 13-6-11 are penal in nature and are thus precluded against the FDIC. Plaintiff asserts that because it acquired its interest in the note and guaranties after any possible liability for attorneys' fees was extinguished via the FDIC's receivership, "no liability for attorneys' fees passed to [Plaintiff] and Ford's 'defense' under O.C.G.A. § 13-6-11 should be dismissed." (Doc. No. 26, p. 14).

The Eleventh Circuit has cited with approval several Georgia cases holding that an award of expenses of litigation, including attorneys' fees, under O.C.G.A. § 13-6-11 is not penal in nature. Action Marine, Inc. v. Cont'l Carbon Inc., 481 F.3d 1302, 1321 (11th Cir. 2007) (citing City of Warner Robins v. Holt, 470 S.E.2d 238, 240 (Ga. Ct. App. 1996) (holding that the purpose of an award of attorney fees and litigation expenses is compensatory in nature); Ross v. Hagler, 433 S.E.2d 124, 127 (Ga. Ct. App. 1993) (noting that an award of attorney fees under § 13-6-11 is not punitive in nature); Privitera v. Addison, 378 S.E.2d 312, 317 (Ga. Ct. App. 1989) (describing fees awarded under § 13-6-11 as an element of actual damages)). Plaintiff argues that these Georgia cases are not controlling because they do not control the federal analysis under 12 U.S.C. § 1825(b)(3). The Court finds the Georgia cases cited by the Eleventh Circuit in Action Marine to be, at a minimum, very persuasive. The Court recognizes that these cases were cited within the context of a tort case involving bad faith. However, Plaintiff was unable to cite to controlling law characterizing fee awards as penal in nature, and the Court finds Georgia cases, characterizing a Georgia statute, more persuasive than the cases cited by Plaintiff. The Court will not strike Ford's claim for an award of

AO 72A
(Rev. 8/82)

expenses under O.C.G.A. § 13-6-11 based on Plaintiff's assertion that 12 U.S.C. § 1825(b)(3) bars such a claim.[5]

**II. Plaintiff's assertion that Ford's second, third, fourth, fifth, and sixth defenses should be stricken because Ford waived those defenses in the Ford Guaranty**

Plaintiff argues that "[i]n the Ford Guaranty, Ford waived all defenses to enforcement of the Ford Guaranty against him" and that, as a result, Ford's second, third, fourth, fifth, and sixth defenses should be stricken. (Doc. No. 26, p. 14). Although Ford did not deny that he executed the Ford Guaranty, Ford has not admitted that he guaranteed the note.[6] (Doc. No. 1, p. 6 ¶¶ 17, 18, and No. 19, p. 6 ¶¶ 17, 18). Without admitting to the creation of the Ford Guaranty, the validity of the Ford Guaranty as a whole is in dispute, and the validity of the purported waiver clause is also in dispute. Striking defenses based on the waiver clause would signify that the Court finds the Ford Guaranty valid, which would decide a disputed factual question.

"Motions to strike cannot be used to determine disputed fact questions[.]" Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citation omitted) (denying defendant's motion to strike from the complaint any claims against it for revocation of contract of sale and breach of warranties of sale when there existed issues of fact in the areas of privity between the parties and breach of warranties). Accordingly, because

---

[5] It should be noted that 12 U.S.C. § 1825(b)(3) might not even apply to Plaintiff in this context. As the plaintiff in this action, Plaintiff is acting for itself and has, with regard to its behavior as a litigant, removed its "successor to the FDIC as receiver" hat.

[6] Ford's Answer, with respect to the creation of the Ford Guaranty, actually states, "The documents speak for themselves and no answer is required." (Doc. No. 19, p. 6 ¶¶ 17, 18). However, because Ford denies liability to Plaintiff, (Doc. No. 1, pp. 9, 14 ¶¶ 32, 65–68, and No. 19, pp. 7, 13 ¶¶ 32, 65–68), and because Ford is a pro se litigant, the Court will construe his Answer to not admit to the creation of the Ford Guaranty.

7

the validity of the Ford Guaranty and its waiver clause are in issue, Ford's defenses will not be stricken on the basis of the waiver clause.

**III. Plaintiff's assertion that Ford's second defense should be stricken because it is barred by Georgia law**

"Where by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." O.C.G.A. § 13-6-5. However, Plaintiff argues, citing REL Dev., Inc., v. Branch Banking & Trust Co., 699 S.E.2d 779 (Ga. Ct. App. 2010), that "[u]nder binding Georgia precedent . . . Plaintiff is not obligated to foreclose [on the property securing the loan] before suing on the Note and Guaranties, and proceeding on the Note and Guaranties before foreclosure cannot be held as a failure to mitigate damages." (Doc. No. 26, p. 16). The failure to mitigate defense is not necessarily limited to Plaintiff's failure to foreclose on the property securing the loan, and Ford should have an opportunity to uncover more information during discovery. Ford's failure to mitigate defense has a possible relationship to the controversy, will likely not confuse the issues, and will likely not otherwise prejudice a party. Frazier, 2011 WL 709720 *1.

Plaintiff also argues, citing Branch Banking & Trust Co. v. Lichty Bros. Constr., Inc., 2011 WL 883912 (N.D. Ga. Mar. 11, 2011), that Ford is not permitted to assert a failure to mitigate defense because the "Ford Guaranty contained an absolute promise by Ford to pay" according to its terms. (Doc. No. 26, p. 18). In Lichty Bros., the defendants did not argue that the relevant promissory notes were not absolute promises to pay and the defendants admitted that they executed the promissory notes and guaranties at issue. Id. at *4. Here, Ford has not admitted to executing the Ford

8

Guaranty; as a result, the validity of the Ford Guaranty and any absolute promise to pay contained therein is in dispute. As previously stated, "[m]otions to strike cannot be used to determine disputed fact questions[.]" Brown, 523 F. Supp. at 336. Consequently, Ford's second defense will not be stricken based on Plaintiff's assertion that the Ford Guaranty contained an absolute promise to pay.

## IV. Conclusion

As previously stated, the portion of Plaintiff's Motion seeking to strike Ford's fifth defense under the D'Oench doctrine is **GRANTED**. The remainder of Plaintiff's Motion to Strike Defenses of Ford is **DENIED**.

**SO ORDERED**, this 5th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)